Case 5:24-cv-00044   Document 15   Filed on 07/29/24 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
July 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:24-CV-44 |
| | § | |
| 2011 KENWORTH T660 TRACTOR | § | |
| VIN 1XKAD49X6BJ296014 | § | |

# REPORT AND RECOMMENDATION OF
# THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff the United States of America's motion for default judgment and entry of final order of forfeiture, (Dkt. No. 13). On July 22, 2024, United States District Judge Marina Garcia Marmolejo referred Plaintiff's motion to the Undersigned for a report and recommendation. (Dkt. No. 14). For the reasons below, the Undersigned recommends the United States' motion, (Dkt. No. 13), be **GRANTED** and an order of forfeiture be issued in favor of the United States.

## I.  BACKGROUND

This case arises from a seizure of one 2011 Kenworth T660 Tractor (the "seized tractor"), with vehicle identification number ("VIN") 1XKAD49X6BJ296014. (Dkt. No. 1). The United States' allegations in the *in rem* complaint, (*id.*), are unrebutted, as any parties who might have an interest in the seized tractor have defaulted. Therefore, the Undersigned adopts those unrebutted factual allegations.

On June 28, 2023, Hidalgo County Deputy Sheriff Jaime Garcia ("Deputy Garcia") stopped Mario Alberto Roman ("Roman"), while driving the seized tractor, on the northbound frontage road of U.S. Highway 281, in Edinburg, Texas. (*Id*. at 2). Deputy Garcia "obtained written consent to search the [seized] tractor after his

1

narcotic detecting K9 [("canine")], 'Ston', alerted to the presence or odor of a controlled substance inside the [seized] tractor." (*Id.* at 2). Due to roadside safety concerns, the seized tractor was escorted to the Hidalgo County Sheriff's Office in Edinburg, Texas. (*Id.* at 2).

Drug Enforcement Administration ("DEA") agents and Hidalgo County Sheriff's Office Task Force Investigators were called for assistance and conducted a search of the seized tractor. (*Id.* at 2). During the search, "a false wall that had a lead lined panel was located in the cab." (*Id.* at 2). "Behind the panel, DEA Special Agent Joseph Lucio found thirty-two (32) bricks wrapped in black tape and cellophane." (*Id.* at 2–3). These "were determined to contain cocaine," and weighed "approximately 39 kilograms." (*Id.* at 3). Thereafter, the tractor was seized. (*Id.* at 3).

"On or about September 8, 2023, Adriana Jones and Howard Miller, *et al.* [(the "known potential claimants")] submitted a claim to the [DEA] . . . contesting agency forfeiture of the seized tractor and seeking judicial proceedings." (*Id.* at 2). As a result, the United States initiated this civil forfeiture action on February 27, 2024. (Dkt. No. 1); *see also* 18 U.S.C. § 983(a)(3)(A).

The United States' claim is filed as a verified complaint for forfeiture *in rem* against the seized tractor. (Dkt. No. 1). The complaint provides the basis for this Court's jurisdiction, for jurisdiction *in rem*, and for venue in this Division. (*Id.* at 1). The complaint also states that 21 U.S.C. § 881(a)(4) provides the legal basis for forfeiture. (*Id.* at 2). § 881(a)(4) provides for the forfeiture of "all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to

transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq*.)." (*Id*. at 2). Finally, the complaint "seeks a final judgment forfeiting the seized tractor." (*Id*. at 3–4).

On February 27, 2024, and February 28, 2024, the United States sent notice and copies of its *in rem* complaint to the known potential claimants by certified mail, return receipt requested, and email. (Dkt. No. 8). The notice advised the known potential claimants that the deadline for filing a verified claim was 35 days after the notice was sent, specified the requirements for filing a claim, and informed the known potential claimant that claims must be served on the assigned Assistant United States Attorney who signed the notice. (*Id*. at 3 and 6). The notices also advised the known potential claimants that they must also file and serve an answer to the *in rem* complaint within 21 days after filing the claim. (*Id*. at 3 and 6).

Additionally, the United States published notice of this forfeiture action on the www.forfeiture.gov website for a least 30 consecutive days, beginning on March 2, 2024, and ending on March 31, 2024. (Dkt. No. 5 at 2 and 4). The notice advised people claiming a legal interest in the seized tractor that they must file a verified claim with the Court within 60 days of the first day of publication (March 2) and an answer to the *in rem* complaint within 21 days thereafter, with copies to the assigned Assistant United States Attorney. (*Id*. at 3).

The known potential claimants did not file a verified claim or answer to the *in rem* complaint. No other party did, either. As a result, the United States sought and

3

obtained an entry of default from the Clerk of Court. (Dkt. No. 11). The United States now seeks default judgment against the seized tractor pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Dkt. No. 13).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55 ("Rule 55") governs entry of default and default judgment. It's helpful to discuss the terms and process under Rule 55. "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Next comes an entry of default, which the clerk enters "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *Brown*, 84 F.3d at 141. Once the clerk has entered a defendant's default, a "plaintiff may apply for a judgment based on such default. This is a [motion for] default judgment." *Brown*, 84 F.3d at 141. At that point, a court, with certain exceptions, may enter default judgment. Fed. R. Civ. P. 55(b)(2).

Default judgments are not the norm. They "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). But the procedure exists because "an essentially unresponsive party" can halt the adversary process. *Id.* (quotation omitted). Even so, "a 'party is not entitled to a default judgment as a matter of right, even where the defendant is

4

technically in default.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

Before a court enters default judgment, it must be satisfied that it is procedurally proper and that there is "a sufficient basis in the pleadings for the judgment [to be] entered." *Nishimatsu Constr. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); Fed. R. Civ. P. 55(b). Stated differently, "the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive."[1]

### III. ANALYSIS

The Undersigned finds that the United States' *in rem* claim against the seized tractor is procedurally proper and factually sufficient, and that entry of a default judgment and an order of forfeiture is appropriate.

#### 1. Procedural Requirements Necessary for Default Judgment

Default judgment is procedurally warranted if the clerk's entry of default was proper under Rule 55(a). *1998 Freightliner*, 548 F. Supp. 2d at 384–85. Entry of default is proper when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

To plead or defend in a civil forfeiture action, a claimant must do two things: (1) file a claim for the property and (2) "serve and file an answer to the complaint or

---

[1] *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

a motion under Rule 12." Supplemental Rule G(5)(a)(i) and G(5)(b). Any person who receives direct notice of the action has 35 days to file a claim. Supplemental Rule G(4)(b)(ii)(B). Any person receiving notice by publication has "60 days after the first day of publication on an official internet government forfeiture site" to file a claim. Supplemental Rule G(5)(a)(ii)(B). And any person who files a claim "must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Supplemental Rule G(5)(b).

None of this will happen unless potential claimants have notice of the civil forfeiture action. That means proper notice is the threshold procedural requirement for a default judgment. *See United States v. $12,107.00, More or Less, in United States Currency*, No. EP-21-CV-00111-DCG, 2022 WL 1050383 at *4 (W.D. Tex. Apr. 6, 2022) (citing *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1114 (5th Cir. 1992)). So, the Court must look to whether the United States provided potential claimants proper notice of this civil forfeiture action. *United States v. $12,107.00, More or Less, in United States Currency*, 2022 WL 1050383 at *4.

The United States provided direct notice to the known potential claimants in this case. (Dkt. No. 8). And in accordance with Supplemental Rule G, the United States also posted notice for 30 days on an official government website. (Dkt. No. 5 at 2 and 4). The United States thus provided proper notice to potential claimants. Supplemental Rule G(4)(b) ("The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government."); Supplemental Rule G(4)(a)(iv)(C)

6

(permitting notice by publication "on an official internet government forfeiture site for at least 30 consecutive days").

Because none of the known potential claimants, or any other potential claimants, filed a claim or answer, they have failed to plead or otherwise defend in this action. *United States v. $12,107.00, More or Less, in United States Currency*, 2022 WL 1050383 at *4. That is, they defaulted.

The Court of Appeals for the Fifth Circuit has delineated factors to consider in determining whether entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). These include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id*. Here, the Undersigned finds that the six *Lindsey* factors, outlined above, weigh in favor of granting default judgment.

First, the United States' well-pleaded allegations against the seized tractor are assumed to be true. *See Nishimatsu*, 515 F2d at 1206. No person or entity has defended or otherwise appeared in this action. This means that no material facts appear to be in dispute. *United States v. $37,603.00 in US Currency*, No. 4:20-CV-00222, 2021 WL 3013337 at *3 (S.D. Tex. July 16, 2021) (Eskridge, J.).

Second, the United States has naturally experienced substantial prejudice. On February 27, 2024, and February 28, 2024, the United States sent notice and copies

7

of its *in rem* complaint to the known potential claimants by certified mail, return receipt requested, and email. (Dkt. No. 8). It also published notice of this judicial forfeiture action on an official government internet site (www.forfeiture.gov) for 30 consecutive days. (Dkt. No. 5 at 2 and 4). None of the known potential claimants filed a verified claim or answer to the *in rem* complaint. No other party did, either, effectively halting the adversarial process. *$37,603.00 in US Currency*, 2021 WL 3013337 at *3 (Eskridge, J.).

Third, the Clerk properly entered default against the seized tractor pursuant to Rule 55(a) because no person or entity answered or otherwise defended this action. (Dkt. No. 11). Default judgment is likewise proper because no person or entity has since answered or otherwise defended. *$37,603.00 in US Currency*, 2021 WL 3013337 at *3 (Eskridge, J.).

Fourth, nothing suggests that the default by any potential claimant to the seized tractor has been the product of a good-faith mistake or excusable neglect. *(Id.)*.

Fifth, nothing suggests that it would be too harsh to enter default judgment against the seized tractor. *(Id.)*. To the contrary, the known potential claimants have had over five months to come forward and defend in this action. This mitigates the perception of any harshness of entering a default judgment. *(Id.)*.

Sixth, nothing suggests that a default judgment would be set aside were any person or entity to later challenge it. *(Id.)*.

Based on the foregoing, the procedural requirements necessary for default judgment are met.

## 2. Sufficiency of the Government's Verified Complaint

Under the Civil Asset Forfeiture Reform Act, which governs all federal forfeiture proceedings, the United States bears the initial burden of establishing by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). In the verified complaint, (Dkt. No. 1), the United States alleges the seized tractor is subject to forfeiture under 21 U.S.C. § 881(a)(4) because "the seized tractor was used to facilitate the transportation of [] cocaine in violation of the Controlled Substances Act." (*Id.* at 3).

Where, as here, one of "the Government's theor[ies] of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," the United States must establish a "substantial connection between the property and offense."[2] Additionally, under the Supplemental Rules, the complaint in a forfeiture action *in rem* arising from a federal statute must:

(a) be verified;

(b) state the grounds for subject-matter jurisdiction, *in rem* jurisdiction over the defendant property, and venue;

(c) describe the property with reasonable particularity;

(d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;

(e) identify the statute under which the forfeiture action is brought; and

---

[2] 18 U.S.C. § 983(c)(3); *E.g.*, *$37,603.00 in US Currency*, 2021 WL 3013337 at *4 (Eskridge, J.); *United States v. $25,000 in U.S. Currency*, No. 3:23-CV-456-S-BK, 2023 WL 4494773 at *2 (N.D. Tex. June 23, 2023), *R. & R. adopted*, No. 3:23-CV-456-S-BK, 2023 WL 4494356 (N.D. Tex. July 12, 2023); *United States v. $12,107.00, More or Less, in United States Currency*, 2022 WL 1050383 at *5.

9

  (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Supplemental Rule G(2).³ Here, the Government's civil forfeiture complaint satisfies Rule G(2)'s requisites. First, in a verification attached to the complaint, DEA Special Agent Joseph A. Lucio "declare[d] under the penalty of perjury . . . that the facts stated [in the complaint] . . . are true and correct." (*See* Dkt. No. 1 at 5); *see In re Ramu Corp.*, 903 F.2d at 315 (finding that a DEA agent's declaration, which was attached to the complaint and contained similar language as here, adequately verified the complaint).

  Moreover, the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue are clearly stated. (Dkt. No. 1 at 1). Subject matter jurisdiction is proper as federal district courts have "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. *In rem* jurisdiction is appropriate as federal district courts have "original jurisdiction . . . of any action or proceeding for the recovery or enforcement of any . . . forfeiture . . . incurred under any Act of Congress." 28 U.S.C. § 1355(a). Venue is suitable as forfeiture actions "may be brought in the district court for the district in which any of the acts or omissions" leading to the forfeiture took place. 28 U.S.C. § 1355(b)(1).

  The complaint also provides a reasonably detailed description of the property.⁴

---

³ *E.g., United States v. $62,200.00 in U.S. Currency*, Civ. No. H-21-3971, 2023 WL 2386884, at *1 (S.D. Tex. Mar. 6, 2023) (Rosenthal, J.) (citing *In re Ramu Corp.*, 903 F.2d 312, 317 n.7 (5th Cir. 1990)); *United States v. Assorted Jewelry*, No. 2:23-CV-00095, 2023 WL 9110921 at *3 (S.D. Tex. Nov. 9, 2023), R. & R. adopted sub nom. *United States v. Jewelry*, No. 2:23-CV-00095, 2024 WL 69080 (S.D. Tex. Jan. 5, 2024); *$25,000 in U.S. Currency*, 2023 WL 4494773 at *2.

⁴ (*See* Dkt. No. 1 at 1) ("The property is described as follows a 2011 Kenworth Tractor with VIN:

Additionally, it identifies the applicable forfeiture statutes, namely 21 U.S.C. § 881(a)(4). (Dkt. No. 1 at 2).

Finally, the complaint sufficiently states facts to support a reasonable belief that the United States could carry its burden of proof at trial. Deputy Garcia "obtained written consent to search the [seized] tractor after his narcotic detecting [canine], 'Ston', alerted to the presence or odor of a controlled substance inside the [seized] tractor." (*Id.* at 2). Due to roadside safety concerns, the seized tractor was escorted to the Hidalgo County Sheriff's Office in Edinburg, Texas. (*Id.* at 2). DEA agents and Hidalgo County Sheriff's Office Task Force Investigators were called for assistance and conducted a search of the seized tractor. (*Id.* at 2). During the search, "a false wall that had a lead lined panel was located in the cab." (*Id.* at 2). "Behind the panel, DEA Special Agent Joseph Lucio found thirty-two (32) bricks wrapped in black tape and cellophane." (*Id.* at 2–3). These "were determined to contain cocaine," and weighed "approximately 39 kilograms." (*Id.* at 3). These facts permit the Court to reasonably infer a substantial connection between the seized tractor and violation of the Controlled Substances Act, therein warranting forfeiture of the seized tractor pursuant to 21 U.S.C. § 881(a)(4).

### 3. The Relief Requested

Federal Rule of Civil Procedure 54(c) mandates "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "[T]he relief prayed for in a complaint defines the scope of relief available

---

1XKAD49X6BJ296014").

on default judgment." *1998 Freightliner*, 548 F. Supp. 2d at 386.

In its motion, the United States seeks default and final judgment of forfeiture against the seized tractor. (Dkt. No. 13 at 3). That is consistent with the United States' requested relief in its verified complaint. (Dkt. 1 at 3–4). Given the uncontroverted evidence presented by the United States, the Court finds that the requested relief is appropriate.

## IV.   RECOMMENDATION

For the foregoing reasons, the Undersigned recommends the United States' motion for default judgment and entry of final order of forfeiture, (Dkt. No. 13), be **GRANTED**. The Undersigned recommends the district court enter a default judgment and an order of forfeiture of the seized tractor.

### NOTICE TO PARTIES

The Clerk shall file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

IT IS SO **ORDERED**.

**SIGNED** on this 29th day of July, 2024.

Christopher dos Santos
United States Magistrate Judge